UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIMBERLY D. McCLAY-SLUSSER,

                    Plaintiff,

v.                                                               8:10-CV-1404
                                                                            (GTS/DRH)

COUNTY OF FRANKLIN, Dep't of Social Servs.;
KAMIE KEATING, C.P.S. Case Worker;
LESLEY B. LYONS, C.P.S. Case Worker;
LOWELL TENNYSON, a/k/a Leslie Tennyson;
JODY A. SOUTHWORTH, C.P.S. Supervisor;
TERRY BOTTON, Preventive Servs. Supervisor;
SUSAN GOODRAW, Senior Case Worker;
YEVETTE GILMETT, C.P.S. Case Worker Aide;
JOANNE BURNHAM, Senior Case Worker;
JONATHAN CARL WOOL, ESQ., Counsel for D.D.S.;
JOY LORRAINE GOKEY, ESQ., Law Guardian;
NANCY COMBS-MURPHY, Case Worker;
MAUREEN WARD, Preventive Worker;
MEGAN SCOTT, and BRANDI WILCOX,

                    Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

KIMBERLY D. McCLAY-SLUSSER
  Plaintiff, *Pro Se*
1079 County Rt. 8
Brushton, NY 12916

OFFICE OF M. RANDOLPH BELKIN              M. RANDOLPH BELKIN, ESQ.
  Counsel for Defendants
26 Century Hill Drive, Suite 202
Latham, NY 12110

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM-DECISION and ORDER**

Currently before the Court in this *pro se* civil rights action, filed by Kimberly D. McClay-Slusser ("Plaintiff") against the fifteen above-captioned municipal entity and employees ("Defendants"), is Plaintiff's motion for a preliminary injunction under Fed. R. Civ. P. 65. (Dkt. Nos. 9, 29, 32.) For the reasons set forth below, Plaintiff's motion is denied, and her Amended Complaint (Dkt. Nos. 1, 6, 8) is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.     ANALYSIS OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Out of special solicitude to Plaintiff as a *pro se* civil rights litigant, the Court has *sua sponte* scoured, and construed with the utmost liberality, the following documents: her 25-page Complaint and 112 pages of Exhibits (Dkt. No. 1); her 20-page Amended Complaint (Dkt. No. 8); the two pages of papers she initially submitted in support of her motion for a preliminary injunction (Dkt. No. 9); the three pages of papers she submitted as a supplement to that motion (Dkt. No. 29); the 16 pages of papers she submitted as a further supplement to that motion (Dkt. No. 32); the five-page letter she submitted to United States Magistrate Judge David R. Homer on July 1, 2011 (Dkt. No. 33); the three-page letter she submitted to Judge Homer on July 5, 2011 (Dkt. No. 35); the five-page letter she submitted to him on July 8, 2011 (Dkt. No. 37); the five-page letter she submitted to him on July 15, 2011 (Dkt. No. 41); and the three-page letter she submitted to him on August 12, 2011 (Dkt. No. 43). The Court has also carefully reviewed the papers submitted by Defendants in opposition to Plaintiff's motion. (Dkt. No. 30 and Attach. 1.)

Generally, liberally construed, Plaintiff's motion requests a preliminary injunction against Defendants from harassing Plaintiff, and continuing to prosecute any proceedings against Plaintiff in the Franklin County Family Court, regarding her care of her two children, who were adjudicated to be neglected (within the meaning of Article 10 of the Family Court Act) on June 10, 2010, and placed in foster care. (*See generally* Dkt. Nos. 9, 29, 32, 33, 35, 37, 41.) Among other things, Plaintiff seeks to stop a proceeding in the Franklin County Family Court–which was filed on June 9, 2011, and is still ongoing–to find her in contempt for violating an Order of Protection issued by the Franklin County Family Court on June 10, 2010 (by being arrested for driving while intoxicated on June 5, 2011). (*Id.*) In addition, she seeks to stop the Department of Social Services from sending her two children to (1) visit their paternal grandmother in California, and (2) attend summer day camp in Franklin County. (*Id.*)

After carefully considering the matter, the Court finds that Plaintiff has not satisfied the well-known standard governing a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65, of which the Court advised Plaintiff in its Text Order of January 25, 2011. (Text Order filed Jan. 25, 2011.)[1] In particular, Plaintiff has shown neither (1) a likelihood of success on the merits of her claims, nor (2) sufficiently serious questions going to the merits of those claims. The Court reaches this conclusion for the reasons set forth below in Part II of this Decision and Order.

---

[1] Generally, to obtain a preliminary injunction pursuant to Fed. R. Civ. P. 65, a party must show (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995).

## II. ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT

### A. Authority to *Sua Sponte* Review Amended Complaint

Because Plaintiff is proceeding *in forma pauperis*, the Court may–and, indeed, must–address the sufficiency of the allegations that Plaintiff has set forth in her Amended Complaint in light of 28 U.S.C. § 1915(e)(2)(B). This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that– . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Construction of Amended Complaint

When a party files an amended complaint, that amended complaint–which must be a complete pleading–supersedes the original complaint in its entirety for all purposes. N.D.N.Y. L.R. 7.1(a)(4). Plaintiff was specifically advised of this point of law on December 7, 2010, when Magistrate Judge Homer directed her to file an Amended Complaint. (Dkt. No. 3, at 5.) Despite this notification, the Amended Complaint that she filed on January 24, 2011, does not appear to be a complete pleading but rather an elaboration on, and continuation of, her original Complaint. (*Compare* Dkt. No. 8 *with* Dkt. No. 1.)[2] Out of a further extension of special solicitude to Plaintiff, the Court has liberally construed her Amended Complaint (Dkt. No. 8) together with

---

[2] For example, Plaintiff's Amended Complaint omits from its caption one of the fifteen Defendants named in Plaintiff's original Complaint (i.e., Lesley B. Lyons). Moreover, Plaintiff's Amended Complaint merely sets out Plaintiff's causes of action and relief sought against five of the fourteen Defendants listed in its caption (i.e., Susan Goodraw, Jody A. Southworth, Terry Botto, Lowell Tennyson, and Maureen Ward); it omits a description of any of the causes of action or relief sought against the other nine Defendants listed in its caption.

her original Complaint and Exhibits (Dkt. No. 1). The Court has considered, in liberally construing Plaintiff's Amended Complaint, the Court documents referenced through that Amended Complaint and provided by Defendants in opposition to Plaintiff's motion. (*See generally* Dkt. No. 30, Attach. 1.)

Generally, construed with the utmost special liberality, Plaintiff's Amended Complaint alleges as follows: (1) after the murder of her husband in 2005, Plaintiff struggled so much as a widow and single mother of two children with "difficulties" that she "almost lost [her] mind" and she "lost [her] temper" with employees of the Franklin County Department of Social Services; (2) between at least February 22, 2010 (when a Temporary Order of Protection was filed against Plaintiff with the assistance of Defendant Kamie Keating, a case worker in the Child Protective Services Unit of the Franklin County Department of Social Services), and January of 2011 (when Plaintiff filed her Amended Complaint), Defendants have conspired with Defendant Keating and each other to tell lies about Plaintiff, harass her, and wrongfully remove her two children from her custody for placement in foster care; (3) the reason that Defendants have done this is they were motivated by an ill will or "conflict of interest" that Defendant Keating possessed with regard to Plaintiff due to the fact that Plaintiff leased a home from Defendant Keating's father, Richard Keating, from at least August 1, 2007, to March 31, 2008, during which time "on several occasions [Plaintiff] and [her] children . . . went next door to Caseworker Keating's home / Richard Keating's home and visited with Caseworker Keating, while [Plaintiff's children] . . . played with Caseworker Keating's son."; and (4) this "conflict of interest" persisted even though Defendant Keating was officially removed from Plaintiff's case on March 26, 2010. (*See, e.g.*, Dkt. No. 1, at 9-10, 15; Dkt. No. 1, Attach. 1, at 76-77; Dkt. No.

5

8, at 6, 7, 15.)[3]

Based on these factual allegations, Plaintiff's Amended Complaint (when liberally construed) appears to attempt to assert the following tort claims under state law and constitutional claims under 42 U.S.C. § 1983: (1) breach of duty to conduct a child-abuse-and-neglect investigation free of a conflict of interest under state law and/or the Fourteenth Amendment; (2) breach of duty to conduct a careful child-abuse-and-neglect investigation under state law; (3) abuse of process and/or malicious prosecution under state law; (4) intentional infliction of emotional distress under state law; (5) defamation under state law; (6) cruel and unusual punishment under the Eighth Amendment; (7) violation of her right to substantive due process under Fourteenth Amendment through wrongful denial of her liberty interest in the custody of her child; (8) violation of her right to procedural due process under the Fourteenth Amendment through denial of her right to not have her name and reputation harmed by publication of false report; (9) violation of her right to equal protection under the Fourteenth Amendment; (10) conspiracy to violate her constitutional rights under 42 U.S.C. §§ 1983, 1985(3); and (11) municipal liability due to the failure to adequately supervise municipal employees. (Dkt. No. 1, at 1; Dkt. No. 8, at 3, 7, 8, 11, 15, 16, 19.)

As relief, Plaintiff seeks (1) a state investigation, (2) a letter of apology to her and her family, (3) the "criminal conviction" of Defendant Botto, (4) a judgment declaring that Plaintiff

---

[3]  Similarly, in the 16 pages of papers she submitted as a further supplement to her motion for a preliminary injunction, Plaintiff alleges that (1) Defendant Keating is a "cold" person who possesses a "vengeance against . . . mentally ill family members with children," and (2) at some point between October 1, 2006, and October 1, 2007 (when Plaintiff rented a house from Defendant Keating's father and became "neighbors" with Defendant Keating), Plaintiff's "children played with [Defendant Keating's] son in her dad's yard." (Dkt. No. 32, at 3, 16.)

can sue Defendants in their individual capacities, and (5) monetary damages in excess of $3.1 million dollars for her pain and suffering, and damaged reputation. (Dkt. No. 1, at 8; Dkt. No. 8, at 4, 20, 12, 16, 20.)

### C. Analysis of Sufficiency of Amended Complaint

Plaintiff's first claim–that Defendant Keating violated either state law or the Fourteenth Amendment because she was acting under a conflict of interest–fails as a matter of law. The Court can find no legal authority for the proposition that a violation of New York State law has occurred when a case worker knows, has lived next to, or has a father who rented a house to, the subject of a child-abuse-and-neglect investigation. Indeed, such a fact does not even appear to be a violation of the policy governing case workers.[4] In any event, even if that fact were a violation of New York State law, such a violation of New York State law would not, in and of itself, give rise to a violation of the Fourteenth Amendment.[5]

With regard to Plaintiff's second claim–that Defendants breached their duty to conduct a careful child-abuse-and-neglect investigation–such a claim does not exist under New York State law.[6]

---

[4] *See generally Child Protective Services Program Manual*, Chapter VIII.G. "Sensitive/High Profile Investigations" (New York State Office of Children & Family Services) http://www.ocfs.state.ny.us (last visited Aug. 4, 2011).

[5] *See Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim.").

[6] *Cf. Bernard v. U.S.*, 25 F.3d 98, 102 (2d Cir. 1994) ("Under New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution.") [citations omitted]; *Palmer v. Monroe County Deputy Sherif*, 00-CV-6370, 2004 WL 941784, at *7 (W.D.N.Y. Apr. 29, 2004) ("Plaintiff contends that the defendants owed her a duty of care with respect to their investigation of her alleged theft, and violated that duty by

With regard to Plaintiff's remaining claims, each of these remaining claims depends in some way on the ill will that Defendant Keating allegedly possessed toward Plaintiff due to the fact that Defendant Keating knew, lived next to, or had a father who rented a house to Plaintiff. This is because the *motivating reason* Plaintiff alleges she was carelessly treated, abused, maliciously prosecuted, subjected to emotional distress, defamed, cruelly punished, denied due process, treated differently, and conspired against by the other Defendants is that they worked with Defendant Keating and were persuaded by Defendant Keating's alleged ill will. The problem is that Plaintiff has not alleged any facts plausibly suggesting that Defendant Keating in fact bore Plaintiff any ill will. The fact that Defendant Keating knew, lived next door to, and had a father who rented a house to, Plaintiff does not plausibly suggest ill will. Rather, Plaintiff's allegation of ill will appears to stem from the child-abuse-and-neglect proceedings initiated against Plaintiff , with the assistance of Defendant Keating, years after Plaintiff moved away from Defendant Keating. By presuming the very fact it is intended to prove (i.e., ill will), Plaintiff's allegation of ill will is purely conclusory. For this reason, Plaintiff's remaining claims–which each require some sort of culpable mental state as an element–lack merit.[7]

---

negligently investigating the alleged theft. There is no cause of action for negligent investigation under New York law, and therefore, plaintiff's cause of action is dismissed.") [citations omitted].

[7] *See, e.g.*, *Farmer v. Brennan,* 511 U.S. 825, 835 (1994) ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Daniels v. Williams*, 474 U.S. 327, 331-35 (1986) (acknowledging that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting Section 1983 claim under Fourteenth Amendment based on alleged negligence); *Hudson v. Palmer*, 468 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property . . . ."); *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it

In the alternative, Plaintiff's remaining claims fail for the reasons set forth in this Court's decision in *Kenific v. Oswego Cnty*, 07-CV-0213, 2010 WL 2977267 (N.D.N.Y. July 23, 2010) (Suddaby, J.), which addressed–and dismissed–claims similar to those in this action. Among the grounds cited in that decision as warranting dismissal are (1) the immunity afforded to Defendants pursuant to New York Social Services Law § 419, (2) the doctrine of qualified immunity, (3) the intra-corporate conspiracy doctrine, and (4) the doctrine of limited municipal liability established by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Court would add only two points not raised in *Kenific*.

First, generally, federal courts are divested of subject-matter jurisdiction to issue decrees regarding child custody, pursuant to the "domestic relations exception" to federal subject-matter jurisdiction.[8] Second, even if subject matter jurisdiction exists over a particular child-custody action, federal courts should abstain from entertaining such actions in light of sound policy considerations.[9] This is particularly so where, as here, the child-custody proceedings are alleged to be ongoing.

---

may fairly be said to shock the contemporary conscience.' . . . [T]he Fourteenth Amendment is not a 'font of tort law.' . . . It does not provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable. . . . '[N]egligently inflicted harm is categorically beneath the threshold of constitutional due process.' ") [citations omitted].

[8]  *Palaniappan v. Angamuthu*, 07-CV-0176, 2007 WL 2973582, at *2 (W.D.N.Y. Oct. 4, 2007); *Puletti v. Patel*, 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006); *Rabinowitz v. New York*, 329 F. Supp.2d 373, 376 (E.D.N.Y. 2004); *McArthur v. Bell*, 788 F. Supp. 706, 708-09 (E.D.N.Y. 1992); *Neustein v. Orbach*, 732 F. Supp. 333, 339-40 (E.D.N.Y. 1990)*; Casaburro v. Daher*, 569 F. Supp. 835, 835-36 (S.D.N.Y. 1983).

[9]  *Casaburro*, 569 F. Supp. at 836; *cf. Puletti*, 2006 WL 2010809, at *4 (matrimonial action).

For all of these alternative reasons, Plaintiff's Amended Complaint is dismissed without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a preliminary injunction under Fed. R. Civ. P. 65 (Dkt. Nos. 9, 29, 32) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. Nos. 1, 6, 8) is *sua sponte* **DISMISSED** **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk's Office is directed to redact the personal identifiers from Dkt. No. 30, Attach. 1, enter judgment in favor of the defendants and close this case.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: August 30, 2011
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge